# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-1262V**

SUSAN GANDEN,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 2, 2026

*Nathan Joseph Marchese, Siri & Glimstad LLP, Chicago, IL, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 31, 2025, Susan Ganden filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on September 9, 2024. Petition at 1. On April 28, 2026, I issued a decision awarding damages to Petitioner based on the parties' stipulation. ECF No. 24.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,119.32 (representing $25,881.70 in fees plus $1,237.62 in costs). Petitioner's Motion for Attorneys' Fees and Costs ("Motion") filed May 8, 2026, ECF No. 28. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 28-4.

Respondent reacted to the motion on May 18, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent notes, however, that not all entries for Petitioner's fees appear to be correctly billed. Respondent further notes that two line items mention expert reports, which were not filed, and two other line items were for the same task. Respondents' Response to Motion at ECF No. 29. On May 26, 2026, Petitioner filed a reply to Respondent's Response requesting that the amount of fees be reduced by $111.70 for the reasons outlined above. ECF No. 30.

The rates requested for work performed through 2026 are reasonable and consistent with our prior determinations and will therefore be awarded herein. Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 28-3 at 1-13. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$27,007.62 (representing $25,770.00 in fees plus $1,237.62 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.